Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| MILTON SANTIAGO RORÍGUEZ<br><br>Demandante Peticionario<br><br>v.<br><br>COOPERATIVA DE VIVIENDAS ROLLING HILLS<br><br>Demandada Recurrida | TA2025CE00570 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>CA2025CV00908<br>Sala: Civil 406<br><br>Sobre:<br>Revisión Judicial Revocación de Resolución de Baja de Socio |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 23 de octubre de 2025.

Comparece el señor Milton Santiago Rodríguez vía *certiorari* y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Carolina, emitida el 30 de agosto de 2025. En dicho dictamen, se desestimó y archivó sin perjuicio la demanda del peticionario por falta de emplazamiento oportuno. Por los fundamentos que expondremos, expedimos el auto de *certiorari* y modificamos la *Sentencia* recurrida; así modificada, se confirma.

En síntesis, el caso de epígrafe trata de una revisión judicial al amparo del Artículo 35.8 de la Ley Núm. 239-2004 (5 LPRA sec. 4588) sobre revocación de resolución de baja de socio. Según el expediente, y en lo pertinente a nuestra determinación, el 20 de noviembre de 2019 la Junta de Directores de la Cooperativa de Viviendas Rolling Hills

emitió una *Resolución Final* y ordenó la separación del señor Santiago Rodríguez de su apartamento así privándolo de su condición de socio y de los derechos y beneficios que dicha condición implica al amparo del Artículo 35.6 de la Ley Núm. 239-2004. Este dictamen incluyó la concesión de un término de treinta (30) días para que el señor Santiago Rodríguez desalojara su unidad, descrito mediante referencia directa del Artículo 35.6 de la Ley Núm. 239-2004 (5 LPRA sec. 4586).

A razón de ello, el peticionario solicitó reconsideración en cuanto a la alegada notificación inadecuada para la vista del caso. Por la Junta no expresarse dentro del término dispuesto por la Ley Núm. 239-2004, el señor Santiago Rodríguez acudió ante el Tribunal de Primera Instancia, el cual mediante *Sentencia*, declaró sin lugar la revisión judicial y confirmó la *Resolución Final*. Luego de varios trámites procesales, el peticionario recurrió ante el Tribunal de Apelaciones, el cual denegó expedir el recurso de *certiorari*. El 30 de marzo de 2022, el peticionario presentó una demanda por daños y perjuicios contra la Cooperativa, el cual todavía se está dilucidando ante el Tribunal de Primera Instancia.

Posteriormente, el peticionario solicitó relevo de sentencia, sobre lo cual el Tribunal de Primera Instancia resolvió sin lugar. Ante un recurso vía *certiorari* para impugnar tal determinación, el Tribunal de Apelaciones desestimó el recurso por falta de jurisdicción y, el 20 de enero de 2023, el Tribunal Supremo denegó expedir el auto de *certiorari* del peticionario. Según alega la Cooperativa, el mandato de dicha determinación del Tribunal Supremo se notificó el 9 de febrero de 2023.

Advenido final y firme la *Resolución Final*, el 21 de febrero de 2025 la Junta emitió un *Certificado de Resolución* para enfatizar lo resuelto en la *Resolución Final* y ordenar al peticionario desalojar su apartamento dentro de treinta (30) días. A pesar del peticionario solicitar reconsideración, la Junta no ha respondido hasta el día de hoy. A esos efectos, el señor Santiago Rodríguez recurrió nuevamente ante el Tribunal de Primera Instancia para solicitar una revisión judicial y la revocación del *Certificado de Resolución* y, consecuentemente, la *Resolución Final*. En su demanda, el peticionario alegó que, entre otras cosas, la dilación en ordenar el desalojamiento del señor Santiago Rodríguez tuvo como consecuencia dejar sin efecto la *Resolución Final*.

Eventualmente, el Tribunal recurrido desestimó y archivó sin perjuicio la demanda del peticionario por falta de emplazamiento oportuno. Dicho Tribunal luego modificó su determinación de desestimación solamente para indicar que, aunque el emplazamiento se había hecho correctamente, el recurso de revisión judicial era prematuro por todavía estar pendiente ante la Junta la resolución sobre la solicitud de reconsideración del peticionario.

Insatisfecho, el peticionario recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al declarar no ha lugar la moción de reconsideración de sentencia. En oposición, la recurrida argumenta que (1) el peticionario recurre de una orden emitida a la administración de la Cooperativa; y (2) el Tribunal recurrido carece de jurisdicción, ya que la Resolución Final advino final y firme el 4 de febrero de 2023 y, en consecuencia, debemos ordenar la desestimación del recurso con perjuicio.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones (4 LPRA Ap. XXII-B). Véase, también, *IG Builders v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank v. ACBI*, 200 DPR 724 (2018).

En lo atinente a la controversia ante nos, uno de los fundamentos para solicitar la desestimación de una demanda es que no existe jurisdicción sobre la materia. Regla 10.2 de Procedimiento Civil, *supra*. La jurisdicción sobre la materia es la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal, por lo cual la ausencia de la misma no es susceptible de ser subsanada, al igual que las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela. *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384 (2022) (citando a *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018)). Por tanto, de un tribunal determinar que carece de jurisdicción sobre la materia, solo puede declararlo así y desestimar el caso. Íd. (citando a *Beltrán Cintrón et al. v. ELA et al.*,

204 DPR 89 (2020); *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2012)).

Sabido esto, toda persona que resulte perjudicada por una determinación final de la Junta, y haya agotado todos los recursos ante esta entidad, tendrá derecho a que el Tribunal de Primera Instancia revise la decisión. Art. 35.8 de la Ley 239-2004, *supra*. Si la Junta determina el desalojo de una persona y ésta no cumple al cabo de los treinta (30) días, dicha Junta podrá solicitar al Tribunal de Primera Instancia una orden de lanzamiento para exigir el cumplimiento de la determinación. Art. 35.7 de la Ley Núm. 239-2004 (5 LPRA sec. 4587). No obstante, cualquier acción de la Junta que exponga tácitamente una decisión que va contrario a lo dispuesto en una resolución anterior, conllevará la eliminación de la efectividad de dicha resolución. *Cooperativa de Vivienda Rolling Hills v. Colón Lebrón*, 203 DPR 812 (2020).

En el presente caso, el Tribunal de Primera Instancia no erró al desestimar la demanda del peticionario por falta de jurisdicción, aunque advertimos que debió ser bajo fundamentos distintos. Del expediente se desprende que el 20 de enero de 2023, el Tribunal Supremo denegó expedir el auto de *certiorari* que controvertía la *Resolución Final* de la Junta del 20 de noviembre de 2019. El tiempo transcurrido entre la emisión de esta *Resolución Final* y la notificación del *Certificado de Resolución* en nada cambió la realidad adjudicativa demostrada luego del Tribunal Supremo denegar evaluar o revocar la *Sentencia* del 20 de mayo de 2021 del Tribunal de Primera Instancia, que confirmó la *Resolución Final*. Asimismo, el *Certificado de Resolución* no es una determinación nueva, distinta y final, sino la reiteración de lo ya

dictaminado previamente de manera final y firme por la Junta y el Tribunal de Primera Instancia. Ello, contrario a lo acontecido en el caso de *Cooperativa de Vivienda Rolling Hills v. Colón Lebrón*, *supra*, que trata del cambio tácito a una determinación de la Junta que no dependió de una adjudicación judicial.

En definitiva, este Tribunal, al igual que el Tribunal de Primera Instancia, resuelve la inexistencia de jurisdicción de dicho foro, aunque no por ser el caso prematuro, sino por carecer de autoridad sobre la materia, al referirse a una controversia adjudicativa de manera final y firme.

Por los fundamentos expresados, expedimos el auto de *certiorari*, modificamos la *Sentencia* recurrida en cuanto a sus fundamentos y la confirmamos, a la vez que desestimamos el caso pendiente con perjuicio.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones